UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-60200-CR-SINGHAL/DAMIAN

18 U.S.C. § 371
18 U.S.C. § 1343
18 U.S.C. § 2314
49 U.S.C. § 14915
18 U.S.C. § 981(a)(1)(C)

FILED BY ___AT___ D.C.

Sep 15, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

UNITED STATES OF AMERICA

vs.

ARVAHAM ZANO and
SOFEIN MLAYAH,

Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At times material to this Indictment:

1. ARVAHAM ZANO a/k/a Avram Zano, a resident of the Southern District of Florida, was the sole authorized member who operated ZANO MOVING AND STORAGE LLC, a Florida based moving company with a principal office located at 1596 Breakwater Terrace, Hollywood, FL 33019, that purported to provide interstate moving services to individuals seeking to ship their household goods from one location to another.

2. SOFEIN MLAYAH, a resident of the Southern District of Florida, was a driver for AVRAHAM ZANO, and would negotiate pricing, load household goods onto moving trucks, and transport household goods on behalf of AVRAHAM ZANO and his moving business.

3. The Federal Motor Carrier Safety Administration ("FMCSA") is an administration within the United States Department of Transportation that is tasked with, among other things,

1

enforcing federal regulations regarding the interstate transport of household goods by authorized motor carriers. Pursuant to federal regulations, the FMCSA oversees and governs motor carriers' operating authority to transport household goods.

4. Moving brokers, which are businesses that arrange for the transportation of household goods by an authorized motor carrier, and moving companies, which are businesses that physically transport household goods, are subject to federal regulations that are enforced by the FMCSA.

5. According to the FMCSA, neither ZANO MOVING AND STORAGE LLC, ARVAHAM ZANO, nor SOFEIN MLAYAH were authorized by the FMCSA to engage in the interstate transport of household goods.

## COUNT 1
(Conspiracy- 18 U.S.C. § 371)

6. Paragraphs 1 through 5 of the General Allegations section of the Indictment are re-alleged and incorporated by reference as though fully set forth herein.

7. From beginning in or about December, 2020, and continuing through in or about June, 2022, in Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

**ARVAHAM ZANO and
SOFEIN MLAYAH,**

knowingly and willfully conspired and agreed with each other and other persons known and unknown to the Grand Jury, to commit offenses against the United States, that is, to unlawfully transport, transmit, and transfer in interstate commerce stolen, converted, and fraudulently taken goods, wares and merchandise, that is, household goods, of the value of $5,000 or more, knowing the same to have been stolen, converted, and taken by fraud, in violation of Title 18, United States Code, Section 2314.

## OBJECT OF THE CONSPIRACY

8. It was the object of the conspiracy for the defendants to unjustly enrich themselves by obtaining moving contracts for the interstate delivery of household goods and failing to deliver these items despite having received payment from the owners of the household goods.

## MANNER AND MEANS

The manner and means by which the defendants and their co-conspirators sought to accomplish the object of the conspiracy, included, but were not limited to, the following:

9. Defendant ZANO would purport to provide moving services for the interstate shipment of household goods to customers who had previously been provided an estimate for moving services by a moving broker. The moving broker then sub-contracted the household goods moving job to ZANO MOVING AND STORAGE, LLC. or another company owned and operated by ZANO.

10. After acquiring household goods moving jobs, Defendant ZANO and his drivers, including Defendant MLAYAH, traveled to the location of the job, often on a date other than the originally scheduled moving date and sometimes late in the evening, and loaded the household goods into a truck under the pretense of providing moving services.

11. Defendants ZANO or MLAYAH, or other individuals acting on behalf of ZANO, told the victims that there were more household goods than had previously been estimated by the moving broker and demanded more money to complete the move.

12. Defendants ZANO or MLAYAH, or other individuals acting on behalf of ZANO demanded that the victims pay the increased fee, which in some cases was two or three times the amount of the original estimate, before they would begin the moving job. If the victims refused, they risked losing their deposits.

13. Defendants ZANO or MLAYAH, or other individuals acting on behalf of ZANO, would argue with victims about the increased fee. Ultimately, the victims agreed, under duress, on a price that was lower than the increased price but much higher than the original estimate provided by the moving broker.

14. Defendants ZANO or MLAYAH, or other individuals acting on behalf of ZANO often demanded that the victims pay at least 50% of the higher fee at the time their property was being loaded onto the moving truck and elicited promises from the victims that the victims would pay the remaining balance upon delivery of their household goods.

15. Once the victims had paid Defendants ZANO and MLAYAH, or other individuals acting on behalf of ZANO for the interstate transportation of their household goods, Defendants ZANO or MLAYAH, or other individuals acting on behalf of ZANO would load the victims' property onto a moving truck but failed to deliver the household goods as promised.

16. In some instances, after acquiring the household goods from the victims, Defendants ZANO or MLAYAH, or other individuals acting on behalf of ZANO demanded payments or partial payments from the victims for, among other things, purported storage fees.

17. In other instances, when the victim contacted Defendants ZANO or MLAYAH, or other individuals acting on behalf of ZANO seeking the return of the victim's household goods, Defendants ZANO or MLAYAH, or other individuals acting on behalf of ZANO provided excuses for the failure to deliver the household goods and promised to deliver the household goods at a later date. Despite these promises, the household goods were never delivered.

**OVERT ACTS**

In furtherance of the conspiracy, and to achieve the object thereof, at least one of the co-conspirators, on or about the dates set forth below, committed or caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

18. On or about July 15, 2021, Defendant ZANO, as a representative and driver for ZANO MOVING AND STORAGE, LLC., arrived at a residence occupied by an individual bearing the initials T.E. to initiate a purported interstate move from California to Connecticut.

19. On or about July 15, 2021, Defendant ZANO took possession of a check made payable to ZANO MOVING AND STORAGE, LLC. in the amount of $1,870.00 as a partial payment for the transportation and delivery of T.E.'s household goods.

20. On or about July 15, 2021, Defendant ZANO, as a driver and representative of ZANO MOVING AND STORAGE, LLC., took possession of T.E.'s household goods to begin a purported interstate move from California to Connecticut. Although the household goods were supposed to be delivered to Vernon, Connecticut no later than July 25, 2021, the household goods were never delivered.

21. On or about July 30, 2021, Defendant ZANO sent a text message to victim T.E. wherein Defendant ZANO stated "Your delivery between 8/7 - 8/9."

22. On or about October 27, 2021, Defendant ZANO sent a text message to victim T.E. wherein Defendant ZANO stated "Good morning yes everything is ok my guys load today the truck and start driving." Nevertheless, the household goods were never delivered and were ultimately located abandoned in a storage facility in Nevada.

23. On or about October 27, 2021, Defendant MLAYAH, as a representative and driver for ZANO MOVING AND STORAGE, LLC., arrived at a residence occupied by an individual bearing the initials C.M. to initiate a purported interstate move from Wyoming to Kansas.

24. On or about October 27, 2021, Defendant MLAYAH told C.M. that the quote issued by C.M.'s previously contracted moving brokerage company in the amount of $2,991.00 was incorrect and that MLAYAH would need to charge more for the move.

25. On or about October 27, 2021, Defendant ZANO issued a revised estimate stating that the interstate move would now cost C.M. $6,106.00.

26. On or about October 27, 2021, Defendant MLAYAH received a personal check made payable to SOFEIN MLAYAH in the amount of $2,604.05 as partial payment for the transportation and delivery of C.M.'s household goods.

27. On or about October 27, 2021, Defendant MLAYAH, as a driver and representative of ZANO MOVING AND STORAGE, LLC., took possession of C.M.'s household goods to begin a purported interstate move from Wyoming to Kansas. Although the household goods were supposed to be delivered to Mapleton, Kansas no later than November 10, 2021, the household goods were never delivered and were ultimately located abandoned in a storage facility in Arizona.

28. On or about December 12, 2021, Defendant MLAYAH sent C.M. a text message that stated "Hi [C.M.] and yes but little late the end of the week because i still got 2 more delivery in colorado and one in Nebraska after you i got stuck because the weather and big delay on delivery hope to talk with you c Very soon sir."

29. On or about December 20, 2021, Defendant MLAYAH sent C.M. a text message that stated "Good morning sir , we did have an issue with our truck the last days and we are stuck fixing it once we are back on the road the company and zano's gonna give you a call , is not only your loads we do have 3 more with us to deliver".

All in violation of Title 18, United States Code, Section 371.

### COUNTS 2-7
(Wire Fraud- 18 U.S.C. § 1343)

30. Paragraphs 1 through 5 of the General Allegations section of the Indictment are re-alleged and incorporated by reference as though fully set forth herein.

31.     From in or about December, 2020, and continuing through in or about June, 2022, in Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

**ARVAHAM ZANO and
SOFEIN MLAYAH,**

having devised and intended to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice, did knowingly transmit and cause to be transmitted in interstate and foreign commerce by means of wire communications, certain writings, pictures, signs, signals and sounds, in violation of Title 18, United States Code, Sections 1343 and 2.

### OBJECT OF THE SCHEME AND ARTIFICE

32.     It was the object of the scheme and artifice for the defendants to unjustly enrich themselves by obtaining moving contracts for the interstate delivery of household goods but thereafter failing to deliver these items despite having received payment from the owners of the household goods.

### SCHEME AND ARTIFICE

33.     Paragraphs 9 through 17 of the Manner and Means section of Count 1 of the Indictment are re-alleged and incorporated by reference as though fully set forth herein.

### USE OF THE WIRES

34.     On or about the dates specified as to each count below, in Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants, as specified below, for the purpose of executing the scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made,

7

did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals and sounds as set forth below:

| COUNT | DEFENDANT | DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|---|
| 2 | SOFEIN MLAYAH | 5/5/2021 | $500 Zelle electronic payment from the bank account of an individual bearing the initials I.R. located in Texas to MLAYAH's bank account located in Florida, as partial payment for the transportation and delivery of I.R's household goods from Aurora, SD to Houston, TX. |
| 3 | ARVAHAM ZANO | 10/27/2021 | Email from Zan00986@gmail.com to a moving broker company named Capital City Movers, LLC. containing a contract for moving services on behalf of ZANO MOVING AND STORAGE LLC., confirming the purported interstate move of household goods for an individual bearing the initials A.M. from Arizona to North Carolina for $4,161.53. |
| 4 | SOFEIN MLAYAH | 12/28/2021 | $1,000 Zelle electronic payment from the bank account of an individual bearing the initials D.J. located in Utah to MLAYAH's bank account located in Florida, as partial payment for the transportation and delivery of D.J's household goods from Provo, UT to South Bend, IN. |
| 5 | ARVAHAM ZANO | 6/29/2022 | Email from Zan00986@gmail.com to an individual bearing the initials J.N. at nierengxxxxxxxxxxx@gmail.com confirming the purported interstate move of household goods from Minnesota to Texas for $4,225.00. |
| 6 | ARVAHAM ZANO | 6/30/2022 | $1,205.00 Zelle electronic payment from the bank account of an individual bearing the initials J.N. located in Minnesota to ZANO's bank account located in Florida, as partial payment for the transportation and delivery of J.N.'s household goods from Otsego, MN to Carrollton, TX. |

| | | | |
|---|---|---|---|
| 7 | **SOFEIN MLAYAH** | 6/30/2022 | $1,759.00 Zelle electronic payment from the bank account of an individual bearing the initials J.N. located in Minnesota to MLAYAH's bank account located in Florida, as partial payment for the transportation and delivery of J.N.'s household goods from Otsego, MN to Carrollton, TX. |

In violation of Title 18, United States Code, Sections 1343 and 2.

### COUNTS 8-12
(Interstate Transportation of Stolen Property - 18 U.S.C. § 2314)

35. Paragraphs 1 through 5 of the General Allegations section of the Indictment are re-alleged and incorporated by reference as though fully set forth herein.

36. On or about the dates set forth in the table below, in the Southern District of Florida and elsewhere, the defendants, as set forth below, did unlawfully transport, transmit, and transfer in interstate commerce from and to the States set forth in the table below, stolen and fraudulently taken goods, wares and merchandise, that is, household goods, of the value of $5,000 or more, knowing the same to have been stolen and taken by fraud:

| COUNT | DEFENDANT | VICTIM | MOVE START DATE | ORIGIN | INTENDED DESTINATION | STATE PROPERTY LOCATED | MOVING COMPANY |
|---|---|---|---|---|---|---|---|
| 8 | **ARVAHAM ZANO** | B.B. | June 28, 2021 | California | Florida | Nevada | Zano Moving & Storage, LLC |
| 9 | **ARVAHAM ZANO** | T.E. | July 15, 2021 | California | Connecticut | Nevada | Zano Moving & Storage, LLC |
| 10 | **ARVAHAM ZANO and SOFEIN MLAYAH** | C.M. | October 27, 2021 | Wyoming | Kansas | Arizona | Zano Moving & Storage, LLC |

9

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 11 | ARVAHAM ZANO and SOFEIN MLAYAH | C.P. | October 31, 2021 | Arizona | Indiana | Nevada | Zano Moving & Storage, LLC |
| 12 | ARVAHAM ZANO and SOFEIN MLAYAH | P.L. | November 20, 2021 | Nevada | Maryland | California | Zano Moving & Storage, LLC |

All in violation of Title 18, United States Code, Sections 2314 and 2.

### COUNTS 13-14
(Failure to Give Up Possession of Household Goods - 49 U.S.C. § 14915)

37.     Paragraphs 1 through 5 of the General Allegations section of the Indictment are re-alleged and incorporated by reference as though fully set forth herein.

38.     On or about the dates set forth in the table below, in the Southern District of Florida and elsewhere, the defendants,

**ARVAHAM ZANO and SOFEIN MLAYAH,**

did knowingly and willfully fail to give up possession of household goods in violation of a contract and did fail to deliver to and unload at, the destination of a shipment that is subject to jurisdiction under subchapter I or III of Chapter 135 of Title 49, for which charges have been estimated by the motor carrier providing transportation of such goods, and for which the shipper has tendered a payment, in violation of Title 49, United States Code, Sections 14915(b) and (c), and Title 18, United States Code, Section 2.

| COUNT | VICTIM | MOVE START DATE (On or About) | FROM | TO | MOVING COMPANY |
|---|---|---|---|---|---|
| 13 | I.R. | March 16, 2021 | South Dakota | Texas | Zano Moving & Storage |
| 14 | G.W. | November 1, 2021 | Arizona | Iowa | Zano Moving & Storage |

## FORFEITURE ALLEGATIONS

39. The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **ARVAHAM ZANO and SOFEIN MLAYAH**, have an interest.

40. Upon conviction of a violation, or conspiracy to commit a violation, of Title 18, United States Code, Section 2314 and/or upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

41. The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, a forfeiture money judgment in the amount of proceeds traceable to the commission of the offenses.

42. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set

forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

_____
MARC S. ANTON
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ARVAHAM ZANO and
SOFEIN MLAYAH

_____/
Defendants.

CASE NO.: _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of New Counts _____

**Court Division** (select one)
- ☐ Miami
- ☐ Key West
- ☐ FTP
- ☒ FTL
- ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) **No**
   List language and/or dialect: _____

4. This case will take **5** days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I ☒ 0 to 5 days
   - II ☐ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV ☐ 21 to 60 days
   - V ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) **No**
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) **No**
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) **No**
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) **No**
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) **No**

By: _____
Marc S. Anton
Assistant United States Attorney
FL Bar No.     0148369

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: ARVAHAM ZANO

**Case No**: 

Count #: 1

Conspiracy

In violation of Title 18, United States Code, Section 371
* Max. Term of Imprisonment: 5 years
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

Counts #: 3, 5, 6

Wire Fraud

In violation of Title 18, United States Code, Section 1343
* Max. Term of Imprisonment: 20 years
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

Counts #: 8-12

Interstate Transportation of Stolen Property

In violation of Title 18, United States Code, Section 2314
* Max. Term of Imprisonment: 10 years
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

Counts #: 13-14

Failure to Give Up Possession of Household Goods

In violation of Title 49, United States Code, Section 14915
* Max. Term of Imprisonment: 2 years
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release: 1 year
* Max. Fine: $250,000

\*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** SOFEIN MLAYAH

**Case No:** _____

Count #: 1

Conspiracy

In violation of Title 18, United States Code, Section 371
* Max. Term of Imprisonment: 5 years
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

Counts #: 2, 4, 7

Wire Fraud

In violation of Title 18, United States Code, Section 1343
* Max. Term of Imprisonment: 20 years
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

Counts #: 10-12

Interstate Transportation of Stolen Property

In violation of Title 18, United States Code, Section 2314
* Max. Term of Imprisonment: 10 years
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

Counts #: 13-14

Failure to Give Up Possession of Household Goods

In violation of Title 49, United States Code, Section 14915
* Max. Term of Imprisonment: 2 years
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release: 1 year
* Max. Fine: $250,000

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.